```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
NATOSHA DUNSTON,                                             :
                                                             :
                            Plaintiff,                       :      REPORT AND RECOMMENDATION
                                                             :
              -against-                                      :      20 Civ. 493 (PKC) (VMS)
                                                             :
                                                             :
SPICE OF INDIA INC. and SEBASTIANA                           :
INACIO GOMES,                                                :
                                                             :
                            Defendants.                      :
                                                             :
------------------------------------------------------------ x
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Natosha Dunston ("Plaintiff") brings this action against Defendants Spice of India Inc. and Sebastiana Inacio Gomes (collectively, "Defendants") alleging violations of the public accessibility requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq. See ECF No. 1. Before the Court is Plaintiff's default judgment motion, referred for report and recommendation by the Honorable Pamela K. Chen. See ECF No. 16. For the reasons that follow, this Court respectfully recommends that Plaintiff's motion be granted in part and denied in part.

**I.    BACKGROUND**

    **a.   Factual Summary**

The following facts are derived from Plaintiff's complaint. See Complaint ("Compl."), ECF No. 1.

Plaintiff's left leg was amputated due to the excessive blood clotting in her legs following an adverse reaction to medications administered during a surgical procedure in September 2015. See id. ¶ 2. She is a resident of Brooklyn, New York. See id. Plaintiff attempted to visit the

1

property known as Agra Taj Mahal, located at 1005 Manhattan Ave., Brooklyn, NY 11222 (the "Subject Premises"); the Subject Premises is owned by Defendant Sebastiana Inacio Gomes, and it is leased and operated by Defendant Spice of India Inc. See id. ¶¶ 2-4, 6, 9. Plaintiff alleges the Subject Premises is a public accommodation and service establishment that is not in compliance with the ADA. See id. ¶ 5. Plaintiff intends to visit the Subject Premises again in the near future in order to enjoy all of the goods and services offered therein. See id. ¶¶ 2, 10.

Plaintiff alleges she was unable to access the Subject Premises because of the physical barriers, dangerous conditions and violations of the ADA that exist at the Subject Premises, and as a result, Defendants have discriminated against Plaintiff and others with disabilities. See id. ¶¶ 10-12. In particular, Plaintiff alleges (i) that an accessible route to the Subject Premises is not provided, and it only has stairs at its entrance but no wheelchair ramp; (ii) that the entryway does not provide enough maneuvering clearance space; (iii) that the Subject Premises does not provide the required accessible dining tables that meet the minimum knee and toe clearance; (iv) that the signage identifying the lavatory is inadequate for disabled persons and that it should be ADA-compliant in terms of font and mounting specifications; and (v) (a) that the lavatory is not accessible insofar as its entryway does not provide enough clearance space; (b) the manner in which the door opens is ADA-noncompliant; (c) the water closet is inaccessible based on its physical arrangement; (d) there are exposed pipes in the lavatory; (e) the lavatories and sinks do not comply with the maximum height allowed; and (f) the lavatory lacks adequate door knobs and locks, grab bars and other fixtures. See id. ¶ 12. Plaintiff also alleges that further inspection of the Subject Premises is necessary to determine all ADA violations. See id. ¶ 13.

    a. **Procedural History**

Plaintiff commenced this action by filing the Complaint. See Compl. About two months

2

later, the Court received a letter from the manager of Defendant Spice of India Inc. requesting an extension of the time to appear in this case. See ECF No. 6. The Court granted Defendant's request and extended its time to appear and answer or otherwise respond to the Complaint for approximately three months. See Order dated 3/31/2020. Defendant did not appear. On July 1, 2020, Plaintiff requested a certificate of default for Defendant Spice of India Inc., and the Clerk of Court made an entry of default on July 7, 2020. See ECF Nos. 9-10.

As to Defendant Sebastiana Inacio Gomes, Plaintiff filed a motion to extend the time for service and to authorize service by alternative means after unsuccessful attempts to locate and serve her. See ECF No. 11. The Court granted Plaintiff's motion and authorized service on Defendant by certified mail. See Order dated 9/17/2020. Plaintiff timely served Defendant through the alternative means, as directed by the Court. See Scheduling Order dated 7/30/2020; ECF No. 13 ¶ 4; ECF Nos. 13-1 to 13-6; ECF No. 14. On April 14, 2021, Plaintiff requested a certificate of default for Defendant Sebastiana Inacio Gomes, and the Clerk of Court made an entry of default on April 20, 2021. See ECF Nos. 13, 15.

After failed attempts between Plaintiff and the manager of Defendant Spice of India Inc. to reach a settlement of this case, see Scheduling Orders dated 12/9/2020, 1/12/2021, 2/9/2021; ECF Nos. 12, 14, Plaintiff then filed the instant motion for default judgment, which the Honorable Pamela K. Chen referred for a report and recommendation. See ECF No. 16. In her motion for default judgment against Defendants, Plaintiff seeks injunctive relief requiring Defendants to make the Subject Premises accessible to individuals with mobility disabilities, including Plaintiff, and for the Court to order the Subject Premises closed until the requisite modifications are completed. See ECF No. 16 at 4-10. Plaintiff also seeks attorneys' fees and costs, but requests that Plaintiff have 180 days until after entry of a default judgment to make

3

such a motion.  See id. at 10.

## II. DISCUSSION

### a. Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure by which a party may obtain a default judgment.  See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (citing Fed. R. Civ. P. 55); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993).  First, if a party has failed to plead or otherwise defend against an action, the clerk of court must enter a certificate of default by making a notation on the record.  See Fed. R. Civ. P. 55(a).  Second, after this entry of default, if the defaulting party still fails to appear or move to set aside the default, the court may enter a default judgment if the complaint is well-pleaded.  See Fed. R. Civ. P. 55(b).  The trial court has the "sound discretion" to grant or deny a motion for default judgment.  See Enron Oil, 10 F.3d at 95.  In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party.  Id. at 95-96 (recognizing "the responsibility of the trial court to maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard").  The court must therefore ensure that the plaintiff satisfied all required procedural steps in moving for default judgment, see Local Civ. R. 55.2; and that the plaintiff's allegations, when accepted as true, establish liability as a matter of law, see Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

### b. Service Of Summons And Complaint

A court may not properly enter a default judgment unless it has jurisdiction over the parties against whom the judgment is sought.  See City of New York v. Mickalis Pawn Shop,

4

LLC, 645 F.3d 114, 133 (2d Cir. 2011); Sajimi v. City of New York, No. 07 Civ. 3252 (ENV) (MDG), 2011 WL 135004, at *3 (E.D.N.Y. Jan. 13, 2011).  The non-moving party must have been served with process.  A process server's affidavit is prima facie evidence of proper service.  See Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002).  To prove proper service, "the server should disclose enough facts to demonstrate the validity of the service."  Charles Alan Wright & Arthur R. Miller, 4B Fed. Prac. & Proc. Civ. § 1130 (4th ed. 2021); see Fed R. Civ. P. 4(l)(1).

  Fed R. Civ. P. 4(e)(1) provides that service may be effected in accordance with the service rules of the state where the district is located or service is made.  With regard to Defendant Spice of India Inc., New York Business Corporation Law "permits service based on delivery of the summons and complaint to the New York Secretary of State as an agent of the corporation."  Trs. of the Local 531 Pension Fund v. Am. Indus. Gases, Inc., 708 F. Supp. 2d 272, 275 (E.D.N.Y. 2010) (citing N.Y. Bus. Corp. L. § 306(b)(1)).  Plaintiff properly served Defendant Spice of India Inc. insofar as Plaintiff delivered the summons and Complaint, and she paid the applicable fee to the Office of the Secretary of the State of New York.  See ECF No. 8.  The Court is confident Defendant Spice of India Inc. received notice of this suit as its manager participated in several conferences.  See Minute Entries dated 7/30/2020, 12/9/2020, 1/12/2021, 2/9/2021, 3/9/2021.  As to Defendant Sebastiana Inacio Gomes, after diligent and unsuccessful attempts to serve her, this Court authorized service via alternative means, which Plaintiff timely completed.  See ECF No. 11; Order dated 9/17/2020; ECF No. 13 ¶ 4; ECF Nos. 13-1 to 13-6; ECF No. 14.

  Service of the summons and Complaint upon Defendants was therefore proper.  Plaintiff complied with the procedural requirements of moving for a default judgment by requesting and

obtaining entries of default for Defendants and applying for a default judgment. See Local Civ. R. 55.2(a)-(b); ECF Nos. 9-10, 13, 15-16. Plaintiff also complied with the requirement of mailing all the default judgment papers submitted to the Court to Defendants at their residential or business addresses. See Local Civ. R. 55.2(c); ECF No. 16 at 12. Thus, the Court turns to evaluating the merits of Plaintiff's motion for default judgment.

    **c. Standing**

It is well established that standing is an "irreducible constitutional minimum[.]" Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). "Thus, even though defendant[s] ha[ve] not appeared in this action and ha[ve] not challenged plaintiff's standing to sue, the Court evaluates whether plaintiff has standing." Shariff v. Beach 90th St. Realty Corp., No. 11 Civ. 2551 (ENV) (LB), 2013 WL 6835157, at *2 (E.D.N.Y. Dec. 20, 2013). "[T]o invoke the jurisdiction of the federal courts, 'a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his [or her] standing to sue at each stage of the litigation.'" Brown v. Mermaid Plaza Assocs. LLC, No. 13 Civ. 760 (AMD) (CLP), 2018 WL 2722454, at *5 (E.D.N.Y. Mar. 8, 2018) (quoting Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011)). In ADA cases, "a broad view of constitutional standing is appropriate because private enforcement suits are the primary method of obtaining compliance with the Act." Id. at *6 (internal quotation marks omitted) (quoting Harty v. Spring Valley Marketplace LLC, No. 15 Civ. 8190 (NSR), 2017 WL 108062, at *6 (S.D.N.Y. Jan. 9, 2017)).

In ADA suits seeking injunctive relief to remedy lack of access to a public accommodation, courts have found standing where:

> (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff

6

intended to return to the subject location.

Bernstein v. City of New York, 621 Fed. App'x 56, 57 (2d Cir. 2015) (quoting Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187-88 (2d Cir. 2013) (brackets added in Bernstein)); see Harty v. Simon Prop. Grp., L.P., 428 Fed. App'x 69, 71 (2d Cir. 2011) (quoting Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008)). "Courts considering ADA claims have found that disabled plaintiffs who had encountered barriers . . . prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access." Ross v. Royal Pizza Cafe Corp., No. 17 Civ. 6294 (FB) (RML), 2018 WL 6313208, at *2 (E.D.N.Y. Aug. 1, 2018) (quoting Disabled in Action of Metro. N.Y. v. Trump Int'l Hotel & Tower, No. 01 Civ. 5518 (MBM), 2003 WL 1751785, at *7 (S.D.N.Y. Apr. 2, 2003)), R&R adopted, 2018 WL 6313182 (E.D.N.Y. Dec. 3, 2018); see Chavez v. L2 Liu Inc., No. 20 Civ. 1388 (ENV) (LB), 2021 WL 1146561, at *3-4 (E.D.N.Y. Feb. 26, 2021), R&R adopted as modified, 2021 WL 1146040 (E.D.N.Y. Mar. 25, 2021).

Here, Plaintiff has established standing to bring this action pursuant to the ADA. Plaintiff visited the Subject Premises and alleges that several architectural barriers which make it difficult or impossible for her to access and use the Subject Premises will remain absent Court-ordered remediation. See Compl. ¶¶ 2, 7, 9, 15. Plaintiff alleges that she resides in Brooklyn, New York, and that she intends to return to the Subject Premises again in order to avail herself of the goods and services offered to the public therein. See id. ¶¶ 2, 10. Plaintiff does not state how far she lives from the Subject Premises, but both Plaintiff and the restaurant are located in Brooklyn, New York. See id. ¶¶ 2-4. Thus, I find that Plaintiff has established standing to bring this case.

### d. Liability

Entry of a default judgment constitutes admission of all well-pleaded allegations, except

7

those pertaining to the amount of damages. See Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). It is within a court's discretion to determine whether the plaintiff's burden has been met, and whether or not to hold an evidentiary hearing. See Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 53-54 (2d Cir. 1993); Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991); Fed. R. Civ. P. 55(b)(2). The moving party is entitled to all reasonable inferences from the evidence it offers. See Romanowicz, 577 F.3d at 84 (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)).

The applicable section of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under this provision, a plaintiff must allege: "(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." Roberts v. Royal Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008) (citation omitted).

### i. Disability

The ADA defines a statutorily protected disability as, among other things, "a physical or mental impairment that substantially limits one or more major life activities of [an] individual[.]" 42 U.S.C. § 12102(1)(A). According to the Complaint, Plaintiff's "left leg was amputated due to the excessive blood clotting in her legs following an adverse reaction to medications

administered during a surgical procedure in September of 2015." See Compl. ¶ 2.[1] Given that in the Complaint, Plaintiff alleged her left leg was amputated, see Compl. ¶ 2, the Court draws the reasonable inference that Plaintiff is substantially limited in walking. See Romanowicz, 577 F.3d at 84. Plaintiff is therefore a disabled individual as set forth under the ADA, as she is substantially limited in the "major life activit[y]" of walking. 42 U.S.C. § 12102(2)(A) ("[M]ajor life activities include, but are not limited to, . . . walking[.]"); 29 C.F.R. § 1630.2(i)(1)(i) (same).

### ii. Public Accommodation

Under the ADA, a "public accommodation" is defined to include "a restaurant, bar, or other establishment serving food or drink[.]" 42 U.S.C. § 12181(7)(B). Although Plaintiff only vaguely describes the Subject Premises as a "public accommodation and service establishment," see Compl. ¶ 5, this Court infers from Plaintiff's allegations that the referenced establishment is a restaurant. See id. ¶ 12 (referring to dining tables); see also ECF No. 16 at 1 ("the subject property located at 1005 Manhattan Ave., Brooklyn, NY 11222, which is [a] Restaurant"). Plaintiff further alleges that the Subject Premises is owned by Defendant Sebastiana Inacio Gomes, and it is leased and operated by Defendant Spice of India Inc. See Compl. ¶¶ 3-4. Therefore, the Subject Premises falls within the scope of the ADA, and Defendants are subject to the ADA's prohibition against "discriminat[ion] on the basis of disability in the full and equal enjoyment of the goods, services, [and] facilities" offered to the public. 42 U.S.C. § 12182(a).

### iii. Discrimination

The ADA defines discrimination to include "a failure to remove architectural barriers . . .

---

[1] Although not stated in the Complaint, Plaintiff writes in her motion for default judgment that due to the amputation, she is "bound to ambulate in a wheelchair." See ECF No. 16 at 1.

in existing facilities . . . where such removal is readily achievable[.]" 42 U.S.C. § 12182(b)(2)(A)(iv); see Roberts, 542 F.3d at 367.  Under the ADA, the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).  Plaintiff alleges, and the Court accepts as true, that Defendants have failed to remove architectural barriers where such removal is readily achievable and would not impose an undue hardship on Defendants.  See Compl. ¶¶ 11-12, 14.

Further, "[a] plaintiff can establish discrimination in violation of the ADA by showing that the defendant violated the applicable accessibility standards set forth in the ADA Accessibility Guidelines ('ADAAG')." Harty, 2017 WL 108062, at *5 (internal quotation marks & citation omitted); see Grinblat v. Apna Food & Oil Corp., No. 19 Civ. 6746 (EK) (LB), 2020 WL 7481508, at *4 (E.D.N.Y. Aug. 26, 2020), R&R adopted, 2020 WL 7481327 (E.D.N.Y. Dec. 18, 2020); Shariff, 2013 WL 6835157, at *4.  Here, Plaintiff alleges that she had difficulties accessing and enjoying the restaurant due to multiple architectural barriers to accessibility that exist in violation of the provisions of the ADAAG.  See Compl. ¶¶ 11-12.  Plaintiff alleges that in violation of the ADAAG, (i) an accessible route to the Subject Premises is not provided, and the Subject Premises only has stairs at its entrance but no wheelchair ramp, see Compl. ¶ 12(I); ADAAG §§ 206, 207, 303.4, 403; (ii) that the entryway does not provide enough maneuvering clearance space, see Compl. ¶¶ 12(II)-(V); ADAAG § 404; (iii) that the Subject Premises does not provide the required accessible dining tables that meet the minimum knee and toe clearance, see Compl. ¶ 12(VI); ADAAG §§ 226, 306, 902; (iv) that the signage identifying the lavatory is inadequate for disabled persons and that it should be ADA-compliant in terms of font and mounting specifications, see Compl. ¶ 12(VII); ADAAG §§ 216, 703; and (v) as to the restrooms, (a) the lavatory is not accessible insofar as its entryway does not provide enough

clearance space; (b) the manner in which the door opens is ADA-noncompliant; (c) the water closet is inaccessible based on its physical arrangement; (d) there are exposed pipes in the lavatory; (e) the lavatories and sinks do not comply with the maximum height allowed; and (f) the lavatory lacks adequate door knobs and locks, grab bars and other fixtures, see Compl. ¶¶ 12(VIII)-(XIX); ADAAG §§ 308, 309.4, 404, 603, 604, 606.  The allegations in the Complaint thus establish Defendants' ADA liability.

   e. **Injunctive Relief**

As discussed above, Plaintiff's allegations, which are assumed to be true due to Defendants' default, establish Defendants' liability pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv). The ADA explicitly provides that "[i]n the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) . . . , injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities[.]"  42 U.S.C. § 12188(a)(2).  Having reviewed Plaintiff's proposed order, see ECF No. 16-1, the nature of the violations claimed by Plaintiff, the nature of the relief required to afford redress, and the common practice in this District for awarding injunctive relief in ADA cases, this Court respectfully recommends the issuance of an injunction requiring Defendants to prepare architectural plans remedying the violations of the ADAAG described in the Complaint, and to provide Plaintiff's counsel with those plans for review within 60 days of any order adopting this report and recommendation.  See, e.g., Apna Food & Oil Corp., 2020 WL 7481508, at *6; O'Rourke v. Drunken Chicken in NY Corp., No. 19 Civ. 3942 (NGG) (SMG), 2020 WL 4013187, at *5 (E.D.N.Y. July 16, 2020); Royal Pizza Cafe, 2018 WL 6313208, at *4; Taylor v. 312 Grand St. LLC, 15 Civ. 5410 (BMC), 2016 WL 1122027, at *4 (E.D.N.Y. Mar. 22, 2016); Shariff, 2013 WL 6835157, at *5; accord Cox v. Anjin LLC, No. 19 Civ. 4315 (GBD) (SLC),

11

2020 WL 5027864, at *7 (S.D.N.Y. July 24, 2020), R&R adopted, 2020 WL 5018255 (S.D.N.Y. Aug. 25, 2020). This Court further respectfully recommends that the injunction afford Plaintiff 30 days after receipt of the plans to file a motion seeking relief on the basis that Defendants' proposed architectural plans are inadequate to remedy the ADAAG violations specified in the Complaint, if that be the case. See Drunken Chicken in NY, 2020 WL 4013187, at *5. This Court respectfully recommends that the injunction require Defendants to implement the architectural plans and remedy the violations within 60 days of either Plaintiff's agreement with one or both Defendants or a ruling by the Court that the plans are adequate, whichever occurs first. See id. To the extent that Plaintiff requests that the Subject Premises be closed to the general public pending the remediation of the subject violations, see ECF No. 16 at 2; ECF No. 16-1 at 6, this Court respectfully recommends that the request be denied because it is uncertain how long the remediation would take, and at any rate, closing down the Subject Premises in the interim would not help achieve Plaintiff's goal of making the premises accessible to Plaintiff and other people with disabilities. See 312 Grand St., 2016 WL 1122027, at *4. Instead, it would likely deprive Defendants of some of the funds needed to carry out the remediation.

### f. Attorneys' Fees and Costs

A prevailing plaintiff in an ADA case is entitled to recover reasonable attorneys' fees and costs. See 42 U.S.C. § 12205. Plaintiff requests 180 days after the entry of a default judgment to make such a motion. The request to submit a motion for attorneys' fees and costs six months after entry of a default judgment is reasonable here, as courts in this District prefer to evaluate such motions after the attorney can "demonstrate reasonable efforts to enforce the injunction." Chavez, 2021 WL 1146561, at *8; see Apna Food & Oil Corp., 2020 WL 7481508, at *6 (same); 312 Grand St., 2016 WL 1122027, at *6 ("[I]t is incumbent upon counsel to actually make some

12

effort to achieve something in this case besides obtaining a piece of paper (the judgment) . . . [the Court is] deferring the issue of fees until such time as plaintiff can demonstrate that he has made a reasonable effort to obtain compliance with the injunction."). I respectfully recommend that Plaintiff be given 180 days after the entry of a default judgment to make a motion for attorneys' fees and costs, if this report and recommendation is adopted.

### III. CONCLUSION

For the reasons stated above, this Court respectfully recommends that the District Court grant in part and deny in part Plaintiff's motion for a default judgment against Defendants, as follows: (i) Defendants should be found liable under the ADA as noted above; (ii) an injunction should issue requiring Defendants to prepare architectural plans remedying the violations of the ADAAG described in the Complaint, and to provide Plaintiff's counsel with those plans within 60 days of any order adopting this report and recommendation; (iii) the injunction should afford Plaintiff 30 days after receipt of the plans to file a motion seeking relief on the basis that Defendants' proposed architectural plans are inadequate to remedy the ADAAG violations specified in the Complaint, if that be the case; (iv) the injunction should afford Defendants 60 days to implement the architectural plans and remedy the violations after either Plaintiff's agreement with one or both Defendants or a ruling by the Court that the plans are adequate, whichever occurs first; (v) Plaintiff should be given 180 days after the entry of a default judgment to make a motion for attorneys' fees and costs; and (vi) the request to close the Subject Premises until the remediation is completed should be denied.

### IV. OBJECTIONS

This report and recommendation will be filed electronically. The Court will mail a copy of this report and recommendation to Defendants at: Spice of India Inc., 1005 Manhattan Ave.,

Brooklyn, NY 11222; Spice of India Inc., c/o Shorof Uddin, 568 Grand St., 2nd Fl., Brooklyn, NY 11211; Sebastiana Inacio Gomes A/K/A Sebastiana Rai, 1005 Manhattan Ave., Brooklyn, NY 11222; Sebastiana Inacio Gomes A/K/A Sebastiana Rai, 1005 Manhattan Ave., Apt. 1, Brooklyn, NY 11222; and Sebastiana Inacio Gomes A/K/A Sebastiana Rai, 1005 Manhattan Ave., Apt. 1B, Brooklyn, NY 11222.

Written objections to this report and recommendation must be filed with the Clerk of the Court within the time permitted after service of the report and recommendation, and in accordance with the Individual Rules of the District Judge. Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this report and recommendation. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b); see also Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated: Brooklyn, New York
February 14, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge